149

James H. Hagan  
vs.  } No.30203  
Rhode Island Company  
    April 19, 1918

BLODGETT, J. Heard upon motion of defendant for a new trial after a verdict of the jury for the plaintiff for $2500.

The plaintiff testified that he attempted to board an electric car on Elmwood avenue in Providence, in front of the Brewery of which he was treasurer; that the car was an express car, so-called, running from Park avenue to the centre of the city, stopping only to let off passengers; that as the car approached a crossover it slowed down and the motorman nodded an invitation to him to board the car; that he attempted to board the car while the same was proceeding slowly and that just as he got one foot upon the rear step of the car the motion of the car was greatly accelerated and he was thrown to the ground and injured.

The motorman driving the car, and called by the plaintiff, at this particular time, was being broken in by another motorman, and testified that he approached the cross-over at a speed of about three miles an hour; that he noticed a man and a woman standing on the sidewalk; that as he passed the cross-over he turned on the power, which he had previously thrown off, possibly to the first series, and that he noticed that the man stepped out. He further testified that he slowed up to let the man get on.

It seems from certain witnesses, produced by the defendant, some of them claim adjusters of the Rhode Island Company, one an attorney for the company, who testified as to statements and threats made by the acting motorman at the time of the accident, that the witness made statements to them contradictory to the testimony given at time of the trial, the purpose being to attack the credibility of the witness.

150

There was further testimony on the part of disinterested witnesses for the defendant, passengers upon the car in question, which gave an entirely different account of the manner in which plaintiff attempted to board the car, and which, if believed, would prove contributory negligence on the part of the plaintiff.

At the close of the testimony a motion was made for the direction of a verdict for the defendant on the grounds that the evidence disclosed

no negligence upon the part of the defendant, contributory negligence on the part of plaintiff, and that the great preponderance of the evidence was in favor of the defendant.

At that time the motion was denied.

The duty of the justice presiding at the trial before a jury, in arriving at a conclusion upon a motion for a new trial made by the defendant, after a verdict of the jury for the plaintiff, is very clearly set forth in the case of Reddington v. Getchell, 40 R. I. 468 (Advance Sheets), as follows: "The question, however, as to the credibility of witnesses is in the first instance for the jury and not for the judge presiding; nor is the justice warranted in directing a verdict in accordance with what he thinks is the preponderance of the evidence. Upon motion for a new trial made by a party who is dissatisfied with the verdict rendered by a jury, a justice who presided at the trial is justified in considering, and it is his duty to consider, the credibility of witnesses and what, in his view, is the preponderance of the evidence; if he believes the verdict to be unjust he should set it aside and grant a new trial; he should not, however, direct a verdict upon such grounds, but only upon the ground that there is no legal evidence which would justify a contrary verdict."

The duty of the Court then is to determine upon a motion for a new trial whether the verdict, in the opinion of the justice presiding, does justice, substantial justice being a term used in other cases, to the party against which a verdict is rendered.

Under this rule the Court is of the opinion that justice has not been rendered by the jury under the evidence submitted, and that the great preponderance of the evidence should have weighed with the jury, and that the evidence adduced by the defendant clearly showed that the evidence of the motorman who was driving the car at the time should have been disregarded.

Motion for a new trial granted.

For Plaintiff: Murphy, Hagan & Geary and P. S. Knauer.

For Defendant: Clifford Whipple and Alonzo R. Williams.